RECEIPT # 52739
AMOUNT $ 150
SUMMONS ISSUED X-2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-29-03

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

FILED
2004 DEC 29 P 3:01

U.S. DISTRICT COURT
DISTRICT OF MASS.

CASE NO.:

```
****************************************
TOMONGO BEY,                           *
     Plaintiff                         *
                                       *
v.                                     *
                                       *
THE SUFFOLK COUNTY SHERIFF'S           *
DEPARTMENT, ANDREA CABRAL IN           *
HER OFFICIAL CAPACITY AS               *
SHERIFF OF SUFFOLK COUNTY,             *
OFFICER J.COUGHLIN, SUFFOLK            *
COUNTY CORRECTIONS OFFICER             *
SGT. TAYLOR, SUFFOLK COUNTY            *
CORRECTIONS OFFICER CLAYTON,           *
SUFFOLK COUNTY CORRECTIONS             *
OFFICER OFFICER MATTER,                *
IN THEIR INDIVIDUAL                    *
AND OFFICIAL CAPACITIES,               *
     Defendants                        *
****************************************
```

03 cv 12612 RCL

MAGISTRATE JUDGE Bowler

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

This civil rights action arises out of incidents that occurred on December 29, 2001 at the Suffolk County House of Correction. On that date the plaintiff, Tomongo Bey, was wrongfully placed in the Suffolk County House of Correction despite a court order recommending that he be placed in a different facility out of well-grounded fear for his safety. Mr. Bey was then brutally beaten by the defendant corrections officers, who used excessive force without justification and manifested deliberate indifference to the Mr. Bey's safety and medical needs. As a proximate result of the defendants' conduct, Mr. Bey suffered serious injuries, including loss of consciousness, abrasions to his eye and face; and serious injury to his arm. Mr. Bey asserts claims under 42 U.S.C. 1983, the Fourth (4),Eighth (8) and Fourteenth Amendments(14) amendments of the United States Constitution, Article 26 of the Massachusetts Declaration of Rights, the Massachusetts Civil Rights Act, G.L. c. 12, ss. 11H and 11I, the Massachusetts Tort Claims Act, G.L. c. 258, s. 4, and common law claims for negligence, assault and battery, and negligent and intentional inflictions of emotional distress. Mr.

Bey respectfully requests declaratory relief, compensatory and punitive damages, and attorneys fees and costs.

## PARTIES

1. The plaintiff, Tomongo Bey, is an individual residing at 96 Clarke Street, New Bedford Ma, Bristol County, Massachusetts.

2. The defendant, Andrea Cabral, is the Sheriff of Suffolk County. She is sued in her official capacity as a public employee responsible for the care and custody of Mr. Bey and for the training and supervision of the defendant corrections officers.

3. The defendant, Suffolk County Sheriff's Department, is a duly organized division of Suffolk County and is authorized to act as a governmental entity pursuant to the laws of the Commonwealth of Massachusetts. It exercised direction and control over the defendant corrections officers, and was otherwise responsible for the hiring, training, and supervision of correctional officers at the Suffolk County House of Correction during all relevant times hereto. It has a usual place of business at 20 Bradston Street, Boston, Suffolk County, Massachusetts.

4. The defendant, J. Coughlin, at all relevant times was a Suffolk County Corrections Officer.

5. The defendant, Sgt. Taylor, at all relevant times was a Suffolk County Corrections Officer.

6. The defendant, Officer Clayton, at all relevant times was a Suffolk County Corrections Officer.

7. The defendant, Officer Matter, at all relevant times was a Suffolk County Corrections Officer.

## JURISDICTION

8. This court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. s. 1331, 1334, and 1367,42 U.S.C. § 1983 and the Fourth (4) and Eighth (8) and fourteenth (14) Amendment to the United States Constitution. A pendant state law claim is brought under M.G.L. c. 25 and M.G.L. c. 12 § 11I.

## FACTS

9. Prior to December 29, 2001, Mr. Bey was a victim of a severe beating by correctional officers at the Suffolk County House of Correction.

10. As a result of the beating Mr. Bey brought a complaint against the Sheriff of Suffolk County and the Suffolk County Sheriff's Department and certain corrections officers.

11. Mr. Bey received money in settlement of his prior lawsuit.

12. On December 29, 2001, Mr. Bey was sentenced in the Boston Municipal Court for certain crimes.

13. At the sentencing hearing Mr. Bey's defense attorney informed the sentencing judge of Mr. Bey's prior beating and lawsuit.

14. At the sentencing hearing Mr. Bey's defense attorney requested that Mr. Bey's sentence be served at a facility other than the Suffolk County House of Corrections, as Mr. Bey had a well-founded fear for his safety in a Suffolk County facility.

15. Attorney Dennis Bannon, the attorney who had represented Mr. Bey in his prior lawsuit was present in the courthouse.

16. The sentencing judge spoke with Attorney Bannon before he issued his sentence.

17. After discussing the matter with Attorney Bannon, the sentencing judge was concerned about Mr. Bey's safety at the Suffolk County House of Corrections.

18. The sentencing judge therefore ordered that the *Writ of Mittimus* state that Mr. Bey serve his sentence at the Barnstable House of Correction.

19. On all three cases for which Mr. Bey was sentenced, the *Writ of Mittimus* stated, "The Court recommends that the defendant be allowed to serve this sentence at Barnstable House of Corrections."

20. Despite the *Writs of Mandamus* Mr. Bey was transferred to a Suffolk County facility at South Bay.

21. Mr. Bey informed the booking officers that he was to be transferred to Barnstable County.

22. Mr. Bey was nevertheless booked, processed, and placed inside a holding cell.

23. While in the holding cell Mr. Bey was taunted and threatened by corrections officers.

24. Mr. Bey requested to speak with a Supervising Officer regarding his transfer to Barnstable but his request was ignored.

25. Mr. Bey was in fear for his life and was in distress.

26. A team of Corrections Officers entered Mr. Bey's cell and forcibly removed him and placed him into a disciplinary unit.

27. During the removal Mr. Bey was severely beaten and was held to the ground and repeatedly kicked, eventually losing consciousness.

28. During the removal Mr. Bey yelled to the officers to be careful of his left arm because of an injured tendon.

29. After Mr. Bey yelled this the officers purposefully further injured Mr. Bey's left arm.

30. During the removal Officer Matter repeatedly kneed Mr. Bey in the eye.

31. In the disciplinary unit Mr. Bey was placed in a prone position, his arms placed over his head in straps. A plate of food was placed beside him even though the straps restrained him from eating.

32. Medical personnel found Mr. Bey in his cell unresponsive and incoherent.

33. Each of the defendants had the ability to prevent or stop the beating that was administered to the plaintiff by the other defendants but did not do so. Instead, each defendant remained deliberately indifferent to the plaintiff's safety and to his serious medical needs.

34. In addition to being unconstitutional, the conduct of each defendant was extreme and outrageous, conscience-shocking, and utterly intolerable in a civilized society.

35. Each of the defendants used threats, intimidation or coercion while interfering or attempting to interfere with the plaintiff's civil rights.

36. Each of the defendants failed to provide Mr. Bey with proper and adequate medical attention before, during and after the beating and remained deliberately indifferent to his serious medical needs.

37. Upon information and belief each of the defendants violated the Code of Massachusetts Regulations and the Rules and Regulations of the Suffolk County Sheriff's Department.

38. At all times relevant hereto, each of the defendants acted under color of state law and within the scope of his office or employment.

39. On or around November 14, 2002, through counsel Mr. Bey served on Sheriff Richard Rouse of the Suffolk County Sheriff's Department a sufficient and proper presentment letter pursuant to G.L. c. 258, s.4 which clearly laid out Mr. Bey's claim.

40. Mr. Bey and his attorney received no response to the presentment letter.

## COUNT I:
## VIOLATION OF 42 U.S.C. 1983/ EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

41. The allegations in paragraphs 1 through 50 are reasserted and realleged as if fully stated herein.

42. While acting under color of state law, the defendant corrections officers subjected Mr. Bey or caused Mr. Bey to be subjected to the deprivation of the rights, privileges, or immunities secured by the Constitution or laws of the United States, in particular his rights under the Eighth and Fourteenth Amendments, by engaging in conduct amounting to deliberate indifference to his safety and to his serious medical needs.

43. While acting under color of state law, the defendant corrections officers used force upon the plaintiff unnecessarily and not for the purpose of maintaining security but rather for the purpose of causing pain to a prisoner in their custody.

44. In their actions the defendants deprived the plaintiff of the clearly established right to be free from cruel or unusual punishment.

45. In using cruel and unnecessary force upon Mr. Bey, the defendants acted knowingly, willfully, maliciously, intentionally, and sadistically.

46. As a proximate result of the acts of these defendants, Mr. Bey suffered serious injury, mental anguish, severe emotional distress, and pain and suffering.

## COUNT IV:
## ASSAULT AND BATTERY

56. The allegations in paragraphs 1 through 50 are reasserted and realleged as if fully stated herein.

57. While acting under color of state law, the defendant Corrections Officers did assault and batter Mr. Bey.

58. As a proximate result of the acts of the defendants, Mr. Bey suffered serious injuries, mental anguish, severe emotional distress, and pain and suffering.

## COUNT V:
## INTENTIAL INFLICTION OF EMOTIONAL DISTRESS

59. The allegations in paragraphs 1 through 50 are reasserted and realleged as if fully stated herein.

60. Defendants behaved outrageously in intentionally battering the plaintiff.

61. No civilized community tolerates such acts of summary punishment by correctional officers against helpless persons in their custody.

62. Defendants behaved intentionally and outrageously in inflicting pain, fear, and humiliation upon the plaintiff.

63. As a proximate result of the acts of the defendants, Mr. Bey suffered serious injuries, mental anguish, severe emotional distress, and pain and suffering.

## COUNT VI:
## NEGLIGENCE

64. The allegations in paragraphs 1 through 50 are reasserted and realleged as if fully stated herein.

65. The defendants Suffolk County Sheriff's Department and Andrea Cabral were negligent in transferring Mr. Bey to a Suffolk County facility despite a judge's order and well-founded fear for Mr. Bey's safety.

66. As a result of such negligence Mr. Bey suffered physical and emotional harm.

## COUNT VII:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

67. The allegations in paragraphs 1 through 50 are reasserted and realleged as if fully stated herein.

68. The defendants Suffolk County Sheriff's Department and Andrea Cabral were negligent in transferring Mr. Bey to a Suffolk County facility despite a judge's order and well-founded fear for Mr. Bey's safety.

69. As a result of such negligence Mr. Bey suffered from emotional distress.

70. As a result of such negligence Mr. Bey suffered from physical harm.

71. A reasonable person in Mr. Bey's circumstances would have suffered emotional distress as a result of such negligence.

## COUNT VIII:
## VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT, G.L. C. 12, SS 11H AND 11I

72. The allegations in paragraphs 1 through 50 are reasserted and realleged as if fully stated herein.

73. While acting under color of law the defendant Corrections Officers, while using threats, intimidation or coercion, interfered with, or attempted to interfere with, the plaintiff's rights under the Constitution or laws of the United States and the Constitution or laws of the Commonwealth of Massachusetts in violation of the Massachusetts Civil Rights Act, G.L. c. 12, ss. 11H and 11I.

74. By abusing their authority in beating and injuring the plaintiff, defendants deprived the plaintiff of the following clearly established rights:

    A.  Freedom from cruel or unusual punishment;

    B.  Freedom from intimidation; and

    C.  Freedom from threats and coercion.

75. As a proximate result of the acts of the defendants, Mr. Bey suffered serious injuries, mental anguish, severe emotional distress, and pain and suffering.

## COUNT IX:
## VIOLATION OF 42 U.S.C. 1983

76. The allegations in paragraphs 1 through 50 are reasserted and realleged as if fully stated herein.

77. While acting under color of state law, the defendant Suffolk County Sheriff's Department, through its Sheriff and administrators, acting in their official capacities, and as a matter of custom and policy, failed to adequately supervise and train the corrections officers involved in the alleged incident, and these inadequacies and the need for more and better supervision and training were so obvious that they were likely to result in the violation of the civil rights of persons with whom the Suffolk County Sheriff's Department came in contact, including the plaintiff, thereby subjecting the plaintiff to the deprivation of this rights in violation of 42 U.S.C. 1983.

78. As a proximate result of the acts of the defendants, Mr. Bey suffered serious injuries, mental anguish, severe emotional distress, and pain and suffering.

## COUNT X:
## MASSACHUSETTS TORTS CLAIM ACT, G.L. C. 258, S. 4

79. The allegations in paragraphs 1 through 50 are reasserted and realleged as if fully stated herein.

80. The negligent actions of the defendants, as described in the Torts Claims Act letter properly served upon the Suffolk County Sheriff in accordance with Massachusetts law constitutes negligence for which the defendant public employees are liable within the meaning of G.L. c. 258.

81. At all times relevant hereto, each of the defendants acted under color of state law and within the scope of his office or employment.

82. As a proximate result of the negligent acts of the defendants, Mr. Bey suffered serious injuries, mental anguish, severe emotional distress, and pain and suffering.

## PRAYERS FOR RELIEF

The plaintiff respectfully requests that this Honorable Court:

1. Grant judgment in favor of the plaintiff against each of the defendants.

2. Grant declaratory relief and declare that the rights of the plaintiff have been violated by each of the defendants.

3. Grant the plaintiff compensatory damages from each defendant in an amount which the Court deems to be proper and just.

4. Grant the plaintiff punitive damages from each defendant in an amount which the Court deems to be proper and just.

5. Grant the plaintiff interest.

6. Grant the plaintiff reasonable attorneys' fees and costs.

## JURY DEMAND

The plaintiff demands a trial by jury.

> The plaintiff,
> Tomongo Bey,
> By his attorney,
>
> *[signature]*
>
> Brendan G. King
> Ten Tremont Street
> Boston, MA 02108-2008
> Tel: (617)723-0444
> Fax: (617)723-4729
> BBO # 637639

C:\My Documents\lawyer\cases\bey\complaint.doc