UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Tomongo Bey,　　　　　　　　　　　}
　　　　Plaintiff,　　　　　　　　　}
　　　　　　　　　　　　　　　　　　}
v.　　　　　　　　　　　　　　　　　}
　　　　　　　　　　　　　　　　　　}
The Suffolk County Sheriff's Dept., Andrea }
Cabral in her Official Capacity as Sheriff　　}
Of Suffolk County, Officer J. Coughlin, Sgt. }
Taylor, Officer Clayton, Officer Matter, In　 }
Their Official and Individual Capacities,　　 }
　　　　Defendants.　　　　　　　　　 }
　　　　　　　　　　　　　　　　　　}

Civil Action No. 03-12612-RCL

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (b)(6)

### I.    INTRODUCTION

This suit arises out of the Plaintiff's allegation that he was negligently transported to the Suffolk County House of Correction and subsequently assaulted by correction officers at the House of Correction. Plaintiff brings the instant eight-count complaint against the Sheriff of Suffolk County, Andrea Cabral, the Suffolk County Sheriff's Department, and four named correction officers.

Defendants Andrea Cabral and the Suffolk County Sheriff's Department move to dismiss the instant complaint against them.

### II.    FACTS

Plaintiff Tomongo Bey was committed to the Suffolk County House of Correction from the Boston Municipal Court on Friday, December 29, 2000.[1] The Court sentenced Bey to the Suffolk County House of Correction with a recommendation that Bey serve his sentence in

---

[1] The complaint incorrectly states the commitment date as December 29, 2001. (See attached Exhibit 1)

Barnstable. Upon commitment to the House of Correction, Bey was moved to the segregation unit at the House of Correction. He asserts excessive force was used against him (Complaint ¶¶ 26,27,29, & 30), and that he was denied medical treatment. (Complaint ¶ 36).

The Complaint asserts eight Counts against Defendants Suffolk County Sheriff's Department and Sheriff Andrea Cabral; Count I – violation of 42 U.S.C. §1983, Eighth and Fourteenth Amendments; Count II – Article 26 of the Massachusetts Declaration of Rights; Count III – 42 U.S.C. §1983 – Substantive Due Process; Count IV – Assault and Battery; Count V – Intentional Infliction of emotional distress; Count VI – Negligence; Count VII, Negligent Infliction of Emotional Distress; and Count VIII MASS. GEN. L. ch 12 §11H and 11I. In light of the standard required for a Motion to Dismiss, the Defendants Andrea Cabral and the Suffolk County Sheriff's Department accept his allegations as true **only** for purposes of the instant motion and move to dismiss all claims against them.

## III.    ARGUMENT

### A.    STANDARD OF REVIEW

A complaint should be dismissed if the Plaintiff can prove no set of facts, which would entitle him to the relief sought. "Moreover a complaint will be deemed insufficient if the plaintiff relies upon "bald assertions, unsupportable conclusions, and opprobrious epithets." Gallego v. Wilson, 882 F.Supp. 1169, 1171 (D. Mass. 1995). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957). See also Correa-Martinez v. Arrilaga-Belendez, 903 F.2d 49 (1st Cir.1990); Lessler v. Little, 857 F.2d 866 (1st Cir.1988). For purposes of a motion to dismiss, the allegations in the complaint and all reasonable inferences arising there from are taken in the light most favorable to

the non-moving party. "In making that critical determination, [affirming dismissal of a complaint], we accept plaintiff's well-pleaded factual averments and indulge every reasonable inference hospitable to his case." Correa-Martinez, 903 F.2d at 52. Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation. Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49 (1st Cir. 1990). Additionally, legal conclusions, deductions or opinions are not given a presumption of truthfulness. Gross v. Bohn, 782 F. Supp. 173, 177 (D. Mass 1991) (quoting Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) cert denied, 454 U.S. 1031, 102 S. Ct. 567 (1981)).

## B.   THE COMPLAINT FAILS TO STATE A CLAIM AS TO DEFENDANT SHERIFF CABRAL.

### 1.   The Civil Rights Counts Against Defendant Andrea Cabral Must Be Dismissed As The Doctrine Of Respondeat Superior Does Not Apply To Civil Rights Claims.

The Plaintiff seeks to hold Sheriff Andrea Cabral vicariously liable for the alleged actions of employees at the House of Correction. However, his claim fails as a matter of law because the doctrine of *respondeat superior* does not apply to civil rights claims. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694-695 (1978).

The doctrine of *respondeat superior* is not available under §1983 to attach liability to Sheriff Andrea Cabral for the actions of the officers under her supervision. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the Plaintiff's rights. The doctrine of *respondeat superior* has no application under this section." Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977) (quoting Bennett v. Gravelle, 323 F. Supp. 203, 214 (D.Md.1971) aff'd 451 F.2d 1011 (4th Cir. 1971)). In other words, there must be an affirmative link between the acts of the supervisor and the offending employee to establish

3

§1983 liability against the supervisor. Gaudreault v. Municipality of Salem, Massachusetts, 923 F.2d 203 (1st Cir.1990) (citing Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir. 1985)).

A supervisor can only be held liable for his acts or omissions amounting at least to reckless or callous indifference to the constitutional rights of others. Gaudreault, 923 F.2d at 1019 (citing Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 360 (1st Cir.1989)). Because the Plaintiff does not allege that Defendant Andrea Cabral acted personally to deprive the Plaintiff of any constitutional rights, Sheriff Andrea Cabral cannot be held liable under 42 U.S.C. §1983. See also, Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir.1993) (Sheriff cannot be held liable vicariously under §1983 for the acts of his deputy); Duffy v. Massachusetts Department of Corrections, 746 F. Supp. 232, 234 (D.Mass.1990), (dismissing prisoner's claims of unconstitutional medical care against defendants who were not alleged to have taken part in the medical decision). Therefore, the civil rights Counts of Plaintiff's Complaint against Defendant Andrea Cabral must be dismissed.

2.    The Suffolk County Defendants Cannot Be Held Liable Under 42 U.S.C. §1983 Because The Plaintiff Has Failed To Plead The Essential Elements Of His Claim.

The Plaintiff's claim fails because he has not pled facts sufficient to establish the essential elements. It is the pleader's burden to supply the necessary factual averments with respect to each material element of the underlying legal theory. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 24 (1st Cir. 1990), citing Gooley v. Mobil Oil Corporation, 851 F.2d 513, 515 (1st Cir. 1988). To state a viable claim under §1983 based on the Eighth and Fourteenth Amendments, the Plaintiff must plead facts that, if true, prove that he was subjected to cruel and unusual punishment and that he was denied due process of law.

In Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321 (1991) the Supreme Court made it clear that the 8th Amendment's Cruel and Unusual Punishment Clause consisted of two prongs. The

first prong is objective, a deprivation which denies an inmate of the "minimal civilized measure

of life's necessities." See, Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 2399 (1981). The

second prong is subjective; the inmate must show that Sheriff Cabral acted with deliberate

indifference. In Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994) the court held that

deliberate indifference means the prison official must be actually aware of the danger or

condition the complaint addresses. In Wilson v. Seiter, the court stated, "Wilson lost his lawsuit

in the lower courts, at least in part because he had failed to allege facts sufficient to demonstrate

that prison officials had acted with the state of mind necessary to assert a valid cruel and unusual

punishment claim." Jack Call, *Prison Overcrowding Cases in the Aftermath of Wilson vs. Seiter*,

PRISON J., Sept. 1, 1995, at 1, 3.

Public officials may be liable under §1983 if they are deliberately indifferent to an

inmate's safety needs. *See,* Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994) ("[A] prison

official cannot be found liable under the Eighth Amendment for denying an inmate humane

conditions of confinement unless the official knows of and disregards an excessive risk to inmate

health or safety." Id. at 834.) *See also,* Manarite v. City of Springfield, 957 F.2d 953, 956 (1st

Cir. 1991), cert denied, 506 U.S. 837, 113 S.Ct. 113 (1992) (Deliberate indifference "means

more than ordinary negligence and probably more than gross negligence." Id.).

In the Complaint the Plaintiff has not alleged nor even hinted to any allegations of how

Sheriff Cabral was aware of the fact that the medical staff did not adequately respond to Bey's

medical need. Since the Plaintiff has made no allegations that Sheriff Cabral was actually aware

or should have been aware that the Plaintiff was allegedly lacking necessary medical care the

Plaintiff cannot satisfy the subjective prong of the 8th Amendment. It is not enough that the

Plaintiff makes allegations addressing only the first prong of the 8th Amendment's Cruel and

5

Unusual Punishment Clause. He must address the issue of Sheriff Cabral's alleged deliberate indifference. *See*, Young v. Quinlan, 960 F.2d 351 (3rd Cir. 1992).

In the present case, the Plaintiff does not allege any facts to support the proposition that Suffolk County knew of an excessive risk to the Plaintiff and recklessly disregarded that risk. Therefore, alleging a violation of 42 U.S.C. §1983 against Sheriff Cabral in her official capacity should be dismissed.

3.    Plaintiff's State Civil Rights Claim Fails To State A Claim Upon Which Relief Can Be Granted.

Count II of Plaintiff's Complaint alleges a violation of Article 26 of the Massachusetts Declaration of Rights. Massachusetts' courts use a similar two-prong test to determine if a violation of Art. 26 has occurred. *See*, Torres v. Commissioner of Corrections, 427 Mass. 611, 616, 695 N.E.2d 200 (1998). To recover under the state cruel and unusual punishment clause, the Plaintiff must point to both (1) a condition of situation which poses a substantial risk of serious harm, and (2) facts establishing that a prison official has knowledge of the situation and ignores it. Id. *citing* Good v. Commissioner of Correction, 417 Mass 329, 336 629 N.E.2d 1321 (1994). The instant complaint is void of any allegations that Cabral or anyone in command at the Sheriff's Department ignored a risk of harm to the plaintiff. The Complaint fails to state a claim under Article 26 of the Massachusetts Declaration of Rights and Count II of the Plaintiff's complaint must be dismissed against Defendant Sheriff Cabral.

4.    Sheriff Andrea Cabral Cannot Be Held Liable In Her Official Capacity As The Plaintiff Has Failed To Make Any Allegations That Official Policy Or Custom Resulted In A Deprivation Of His Rights.

Since Sheriff Cabral cannot be held liable absent allegations that the she was personally engaged in misconduct that arose to the level of a constitutional violation, the Plaintiff must

6

show he was deprived of his constitutional rights through the application of an unambiguous official custom or policy. Manarite v. City of Springfield, 957 F.2d 953 (1st Cir. 1992), *cert. denied*, 506 U.S. 837, 113 S.Ct. 113 (1992). The Plaintiff brings this action against Defendant Cabral in her official capacity. (Complaint ¶ 2). An official capacity suit is not a suit against the defendant personally, but against the entity of which the defendant is an agent. Kentucky v. Graham, 473 U. S. 159 (1985); Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978); Brandon v. Holt, 469 U.S. 464 (1985). In this case, by suing Sheriff Andrea Cabral in her official capacity, the Plaintiff is in effect suing Suffolk County. "Official Capacity suits, in contrast to personal capacity suits, generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159 (1985); Monell v. Dept. of Social Services of City of New York, 436 U.S. 658 (1978).

In order to establish official capacity liability in a §1983 action the Plaintiff must show that Suffolk County was a "moving force" behind the deprivation of the Plaintiff's constitutional rights. Kentucky, 473 U.S. at 173. It is not enough to allege that the employees of the entity were the cause of the injury. The United States Supreme Court has established that municipalities cannot be held vicariously liable under 42 U.S.C. §1983 for their employees' actions unless such actions were pursuant to official municipal policy, and caused a constitutional tort. Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658 (1978); City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985); Jett v. Dallas Independent School District, 491 U.S. 701 (1989); City of Canton v. Harris, 489 U.S. 378 (1989).

The Court's decision in Monell was based on the original language of §1983:

Any person who under color of any law, statute, ordinance, regulation, custom or usage of any state, shall subject or cause to be subjected any person ...

7

This language imposes liability on a municipality that under color of some official policy causes an employee to violate another's constitutional rights. Monell, 436 U.S. at 690. Therefore, a local government can be held liable under 42 U.S.C. §1983 for employing a tort-feasor but only if the liability arises as a result of the municipality's own actions. Monell, 436 U.S. at 691.

The Supreme Court has consistently upheld their decision in Monell. In City of Canton v. Harris, 489 U.S. 378 (1989), the court reiterated the standard set forth in Monell concerning municipal liability by declining to adopt a lesser standard of fault that would open municipalities up to unprecedented liability pursuant to §1983. "In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a §1983 plaintiff will be able to point to something the city "could have done" to prevent the unfortunate incident. ... Thus, permitting cases against cities for their "failure to train" employees to go forward under §1983 or a lesser standard of fault would result in de facto respondeat superior liability on municipalities - a result we rejected in Monell." Canton, 489 U.S. at 391. Under the standard set out in Monell and reiterated in Canton the Plaintiff, in order to maintain a §1983 action against Suffolk County, must establish that:

1. The defendant had deliberate and discernible policies and customs in place; and
2. The defendant's customs and policies caused the employees of the Suffolk County Sheriff's Department to act with deliberate indifference.

The Plaintiff fails to meet either prong of the above test. The Plaintiff fails to state facts that show that the House of Correction employed policies and customs that allowed excessive force against inmates and/or that such policies were the cause and moving force behind the alleged constitutional violation. The Supreme Court has stated, " . . . in Monell and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under §1983 to identify a municipal "policy" or "custom" that caused the injury." Board of the County

8

Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 117 S.Ct. 1382, 1388

(1997). The Plaintiff here makes allegations only against specific House of Correction officers

therefore the statements lack the necessary specificity to give rise to constitutional liability under

§1983.

To determine whether a custom or policy is in place for purposes of finding municipal

liability, two requirements must be met: "First, the custom or practice must be attributable to the

municipality. In other words, it must be so well settled and widespread that the policymaking

officials of the municipality can be said to have either actual or constructive knowledge of it yet

did nothing to end the practice. Second, the custom must have been the cause of and the moving

force behind the deprivation of constitutional rights." Bordanaro v. McLeod, 871 F.2d 1151,

1156 (1st Cir. 1989) (Internal citations omitted).

The Plaintiff makes no allegation that he was deprived of his constitutional rights through

the application of an unambiguous official custom or policy. Plaintiff alleges that excessive

force was used against him. Consequently, the Civil Rights claims against Sheriff Cabral in her

official capacity must be dismissed.

5.    The Complaint Is Void Of Any Allegations That The Sheriff Cabral Participated
      In Any Tortuous Conduct.

Counts IV and V of Plaintiff Complaint allege intentional torts, assault and battery, and

intentional infliction of emotional distress. The Plaintiff does not allege that Cabral participated

in any tortuous conduct, only that correction officers did. (Complaint ¶57). Plaintiff's complaint

is barren of any facts pertaining to any action by Cabral. An actor is liable to another for battery

if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a

third person, or an imminent apprehension of such contact, and (b) a harmful contact with the

person of the other directly or indirectly results.  Restatement (Second) of Torts §13 (1977).

Assault requires that the actor "intend to cause an imminent apprehension in another person of

harmful or offensive contact." Restatement of Torts (Second) §21 (1977).  Plaintiff in the instant

case has offered no allegation that Defendant Cabral acted in such a manner as to satisfy any of

these elements.

   Plaintiff asserts that the claim of intentional infliction of emotional distress, is based on

the alleged battery (Complaint ¶ 60-61). To prevail on a claim of intentional infliction of

emotional distress the plaintiff must establish: "(1) that the defendant intended to inflict

emotional distress, or knew or should have known that emotional distress was the likely result of

his conduct, but also (2) that the defendant's conduct was extreme and outrageous, beyond all

possible bounds of decency and utterly intolerable in a civilized community, (3) the actions of

the defendant were the cause of the plaintiff's distress, and (4) the emotional distress suffered by

the plaintiff was severe and of such a nature that no reasonable person could be expected to

endure it.' Tetrault v. Mahoney Hawkes & Golding, 425 Mass. 456, 466 ,681 N.E.2d 1189

(1997).  The Complaint is void of any action of Sheriff Cabral that would satisfy the above

criteria, even assuming all allegations contained in the Complaint are true. There is no allegation

that Cabral participated in the battery in anyway. Therefore, the Plaintiff has failed to state a

claim for relief against Sheriff Cabral and Counts IV and V of his complaint must be dismissed

against her.

   6.   Sheriff Cabral is Not A Proper Party In A Negligence
        Action Under Mass. Gen. L. c. 258.

   Counts VI and VII of Plaintiff's complaint assert claims under a negligence theory.

Claims against Sheriff Cabral must be dismissed under the clear language of the statute.  Under

the Massachusetts Torts Claim Act (MTCA), public employees acting within the scope of their

employment are not liable for negligent acts. MASS. GEN. L. ch.. 258, §2, <u>Gross v. Bohn</u>, 782 F.

Supp. 173 (D. Mass. 1991) (Arrestee failed to state a claim for negligence under the

Massachusetts Tort Claim Act where the arrestee did not allege that the police officer acted in

any capacity other than as a police officer). The statute specifically provides:

> The remedies provided by this chapter shall be exclusive of any other civil action
> or proceeding against a public employer and no such employee.... shall be liable
> for any injury or death caused by his negligent or wrongful omission while acting
> within the scope of his office or his employment. MASS GEN. L. ch. 258, §2.

The MTCA defines a public employee as "elected or appointed officers or employees of any

public employer ...," and a public employer as "the commonwealth and any county ...." MASS.

GEN. L. ch. 258, § 1. By the plain language of the statute, Sheriff Cabral as an elected official in

Suffolk County, is a public employee as defined under MASS. GEN. L. ch. 258, §2. See also,

<u>Serrell v. Franklin County</u>, 47 Mass. App.Ct. 400, 401, 713 N.E.2d 389 (1999), n.2 (stating that

"Superior Court judge correctly determined that the county, as the public employer under MASS

GEN. L. ch. 258, §2, would be liable for any negligent acts committed by the Sheriff within the

scope of his employment."). Nowhere in the Plaintiff's complaint does he allege that Sheriff

Cabral was acting outside the scope of her employment with regard to her acts or omissions as

alleged by the Plaintiff. Based upon MASS. GEN. L. ch 258, §2 and the cases that have

interpreted it including <u>Gross v. Bohn</u>, Sheriff Cabral cannot be liable for the Plaintiff's claims of

negligence. "The MTCA thus protects a "public employee" from negligence claims arising out

of his or her office or employment." <u>Armstrong v. Lamy</u>, 938 F. Supp. 1018, 1042 (D. Mass.

1996) *quoting* <u>Consolo v. George</u>, 835 F. Supp. 49 (D. Mass. 1993). Additionally, Plaintiff

asserts in the Complaint that Cabral is a public employee. (Complaint ¶ 2).

Accordingly, Counts VI and VII of the complaint must be dismissed against Defendant

Cabral consistent with the clear language of MASS. GEN. L. ch. 258 §2.

7.      The Plaintiff's Claim Under The Massachusetts Civil Rights Act Must Be Dismissed Because Liability Cannot Be Based On The Theory Of Respondeat Superior And There Are No Allegations Of Threats, Intimidation Or Coercion By Defendant Sheriff Cabral.

To establish a claim under the Massachusetts Civil Rights Act (MCRA), a plaintiff must allege that "(1) her exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with and (2) that the interference or attempted interference was by *threat, intimidation or coercion*." (emphasis added). MASS. GEN. L. ch. 12 § 11H, 11I. *See also*, Sarvis v. Boston Safe Deposit and Trust Co., 47 Mass. App. Ct. 86, 711 N.E.2d 911, 917 (1999); Appleton v. Town of Hudson, et al., 397 Mass. 812, 494 N.E.2d 10 (1986). "Conclusory allegations, amounting to a summarization of M.G. L. c. 12 §11I fail to state a claim." Hobson v. McLean Hosp. Corp., 402 Mass. 413,417, 522 N.E.2d 975, (1988); Flesner v. Technical Communications Corp., 410 Mass. 805, 818, 575 N.E.2d 1107, 1115 (1991).

The Plaintiff's claim under the MCRA against the Sheriff fail as a matter of law, since he has not alleged any conduct by her that could be considered a threat, intimidation or coercion. Bally v. Northeastern University, 403 Mass. 713, 717, 532 N.E. 2d 49, 51-52 (1989). *See also*, Bell v. Mazza, 394 Mass. 176, 182 –83, 474 N.E.2d 1111, 1114-1115 (1985). A threat, intimidation or coercion is an essential element to a claim under the MCRA. Broderick v. Roache, 803 F. Supp. 480, 485 (D. Mass. 1992) (*citing* Layne v. Superintendent, Massachusetts Correctional Institution, 406 Mass. 156, 158, 546 N.E.2d 166, 168 (1989)). To violate the MCRA, the Sheriff and the Sheriff's Department must have done "something akin to duress which causes the victim to relinquish her rights." Broderick, 803 F. Supp. at 485, *quoting* Butler v. RMS Technologies, Inc., 741 F. Supp. 1008, 1011 (D. Mass. 1990). The Supreme Judicial

12

Court has explicitly defined threats as "acts or language by which another is placed in fear or injury or damage," intimidation as the "creation of fear to compel conduct," and coercion as "the active domination of another's will." Sena v. Commonwealth, 417 Mass. 250, 262, 629 N.E.2d 986, 993 (1994), *quoting*, Delaney v. Chief of Police of Wareham, 27 Mass. App. Ct. 398, 409, 539 N.E.2d 65, 72 (1989). There must be some form of "direct assault" by the defendant to state a claim under the MCRA. Bally, 403 Mass at 719. Since the Plaintiff does not make any allegations that anyone aside from correction officers assaulted him in any way, this claim must be dismissed against Sheriff Cabral.

### C.    THE COMPLAINT FAILS TO STATE A CLAIM AS TO DEFENDANT SUFFOLK COUNTY SHERIFF'S DEPARTMENT.

### 1.    The Suffolk County Sheriff's Department Is Not A Legal Entity Amenable To Suit.

The Plaintiff's complaint is deficient in that it fails to name a proper party. "The Suffolk County Sheriff's Department" is neither a governmental entity, a legal subdivision of Suffolk County, nor a body politic and corporate for purposes of suit. *See*, Kargman v. Boston Water and Sewer Commission, 18 Mass. App. Ct. 51, 463 N.E.2d 350 (Mass. App.Ct. 1984)[2] The Commonwealth's General Laws are barren of any enabling legislation giving it powers or duties. It simply has no legal status and can neither sue nor be sued. *See,* Morrison v. Lennett, 415 Mass. 857, 859-60, 616 N.E.2d 92, 94 (1993) (trust cannot be sued because it is not a legal entity).

Additionally, the Suffolk County Sheriff's Department is not a "public employer" within the meaning of §2 of MASS. GEN. L. ch. 258. Suffolk County Sheriff's Department employees

---

[2]  Although St. 1992, c. 343 s. §5 amended c. 258 §1 to include local water and sewer commissions as public employers, the Court has continued to utilize the Kargman analysis. See Lafayette Place Assoc. v Boston Redevelopment Authority, 427 Mass 509, 649 N.E.2d 820 (1998).

are employees of Suffolk County. Gordon v. Sheriff of Suffolk County, 411 Mass 238, 242, 580

N.E.2d 1039, 1041 (Mass. 1991), see also MASS. GEN. L. ch.126 §18. Under MASS GEN. L. ch.

258 §2, "public employers" are liable for injuries caused by their employees' negligent and

wrongful conduct in the course of employment. Consolo v. George, 835 F. Supp 49, 52

(D.Mass.1993). Suffolk County is the proper defendant. Since the Plaintiff's complaint names

"Suffolk County Sheriffs Department" as a Defendant, it fails to state a claim on which relief can

be granted against the Suffolk County Sheriff's Department. However, since the filing of an

Amended Complaint pursuant to Fed. R. Civ. P. 15 (a) would cure the defect, the remainder of

the Defendant's Memorandum assumes the proper party, Suffolk County, was named.

2.    The Plaintiff Has Failed To Allege Any Action Of Suffolk County That
      Contributed To A Violation Of His Constitutional Rights.

The Plaintiff's complaint asserts excessive force was used against him, and that he was

denied proper medical care. He fails to assert in the Complaint any custom or policy of Suffolk

County that contributed to a violation of his constitutional rights. He fails to assert a known risk

or harm, or that Sheriff's Department employees knew of a risk and ignored it. For the reasons

set forth above in the section pertaining to liability of Sheriff Cabral in her official capacity and

in the Article 26 claim, the constitutional claims against Suffolk County, Count I, II and III must

also be dismissed.

3.    A Public Employer Is Not Liable For The Intentional Torts Of Public
      Employees.

Counts IV and V of Plaintiff's complaint assert claims of assault and battery and

intentional infliction of emotional distress. Both are intentional torts that the Plaintiff alleges

were committed upon him by correction officers. While a public employer may be liable for

**negligent** acts of employees acting within the scope of their employment, under MASS. GEN. L.

ch. 258 §2, claims arising out of intentional torts are expressly excluded by MASS. GEN. L. ch. 258 §10(c).[3] Spring v. Geriatric Authority of Holyoke et al, 394 Mass. 274, 285 (1985).  "It is well settled law that, pursuant to the Massachusetts Tort Claims Act, a public employer is immune from liability for the intentional torts of its public employees." Consolo v. George, 835 F. Supp. 49 (D. Mass. 1993).

Therefore, the Plaintiff has failed to state a claim for relief against Suffolk County, as the public employer of the named correction officers and Counts IV and V of his complaint must be dismissed against the County.

4.    Plaintiff's Commitment To The Suffolk County House Of Correction Was Ordered By The Court And Cannot Be The Basis For A Negligence Action.

Plaintiff asserts that the Sheriff's Department was negligent in transferring Mr. Bey to a Suffolk County facility. (Complaint ¶ 65). Contrary to the Plaintiff's assertion, the Court ordered the Plaintiff to a Suffolk County Facility. (See attached Exhibit 1).[4]  The Judge in Boston Municipal Court ordered Plaintiff to be "Committed to the Suffolk County House of Correction (South Bay) for 23 month(s)". (Ex. 1) The Court further recommended that Mr. Bey serve his sentence at the Barnstable House of Correction. (Ex. 1).

Pursuant to the Court's order Bey was booked into the House of Correction in the normal course of business.[5]  Compliance with a Court cannot be the basis of a negligence claim as there

---

[3] M.G.L. c 258 §10(c): The provisions of c. 258 §§ one through eight, inclusive, shall not apply to any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations.

[4] When the Complaint relies on a document whose authenticity is not challenged, such a document "merges into the pleadings" and the Court may properly consider it under a Rule 12 (b) (6) motion to dismiss. Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Company, 267 F3d 30 (1st Cir. 2001). Here, the basis of Plaintiff's complaint is the commitment papers thus the Court can consider them in the instant Motion to Dismiss without treating the motion as one for Summary Judgment under Fed. R. Civ P. 56.

[5] Notably Bey was booked into the facility about 4:00 p.m. on Friday, December 29, 2000. It is not uncommon for Judges to recommend inmates serve their sentence in a different correctional facility. Generally, the inmate is booked in the normal procedure and arrangements are made through the classification divisions of the sending

was no breach of a duty of care. Therefore, Counts VI and VII must be dismissed for failure to state a claim upon which relief can be granted.

>    5.    A Municipality Cannot Be Sued Under MASS. GEN. L. ch. 12 § 11I.

The Plaintiff alleges correction officers assaulted him. A city's failure to train, supervise or discipline is not actionable under the MCRA, because it does not involve threats, intimidation or coercion. Raymond v. City of Worcester, 142 F.Supp.2d 142, 149 (D. Mass. 2001) (citing Sheehy v. Town of Plymouth, 948 F. Supp. 119, 127 (D. Mass. 1996). In Sheehy, a police officer conjured up false charges against the plaintiff and illegally arrested him. The Court held that "even assuming the City or the Department failed to train, discipline, or supervise its officer, such a failure did not involve threats, intimidation or coercion by the City or the Department." Id.

Additionally, Suffolk County cannot be held vicariously liable under the doctrine of respondeat superior for the alleged actions of its employees. The courts have consistently held that the doctrine of respondeat superior does not apply to an action brought under the MCRA. See, Raymond v. City of Worcester, 142 F.Supp2d 145, 148, 149 (D. Mass. 2001) ("municipalities cannot be sued under the Massachusetts Civil Rights Act" and "the MCRA does not permit vicarious liability claims against municipalities."); Chaabouni v. City of Boston, 133 F.Supp.2d 93, 103 (D. Mass. 2001); French v. United Parcel Service, 2 F. Supp. 2d 128, 133 (D. Mass. 1998); Sheehy, 948 F.Supp. at 128; Broderick 803 F. Supp. at 484; Vicarelli v. Business Intern, Inc., 973 F. Supp. 241 (D. Mass. 1997); Armstrong v. Lamy, 938 F. Supp. 1018 (D. Mass 1996). The Massachusetts Appeals Court held that a municipality is not a "person" within the

institution and the receiving institution to facilitate an exchange. In any event, such exchange could not take place before an inmate is accepted into the facility where he was sentenced in this case the Suffolk County House of Correction.

16

meaning of the MCRA, and that claims brought against the municipality under this statute were properly dismissed. <u>Howcraft v. City of Peabody</u>, 51 Mass. App.Ct. 573, 747 N.E.2d 729, 744 (2001). See also, <u>Metivier v. Town of Grafton</u>, 148 F.Supp.2d 98, 102 (D. Mass 2001)(citing <u>Howcraft</u>, *supra*, for holding that municipality is not person covered by the MCRA). Count VIII of Plaintiff's Complaint must therefore be dismissed against Suffolk County for failure to state a claim upon which relief can be granted.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants Cabral and the Suffolk County Sheriff's Department respectfully requests that this Honorable Court dismiss all claims against them for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12 (b) (6).

## V.    REQUEST FOR ORAL ARGUMENT

Defendants request oral argument on the above motion.

Respectfully submitted,
Sheriff Andrea Cabral and the Suffolk
County Sheriff's Department,
By their attorney

Date: 3 / 15 / 04

Kathleen M. Cawley
BBO#551202
Assistant General Counsel
200 Nashua Street
Boston, MA 02114
(617) 989-6680

**Certificate of Service**

I, Kathleen M. Cawley, hereby certify that I have sent a copy of the above Memorandum in Support of County Defendant's Motion to Dismiss to Attorney Brendan G. King, Ten Tremont Street, Boston, MA 02108-2008, by first class mail postage prepaid this ___5___ day of March 2004.

*Kathleen M. Cawley*
Kathleen M. Cawley

**Certificate of Counsel Pursuant to Local Rule 7.1**

Pursuant to L.R. 7.1(A)(2), I certify that I have conferred in good faith with Plaintiff's Counsel in an attempt to resolve the issue that is the subject of the accompanying motion.

*Kathleen M. Cawley*
Kathleen M. Cawley

Date: 3 / 15 / 04

# MITTIMUS FOR SENTENCE
### ORDER OF COMMITMENT — Original

**Trial Court of Massachusetts**
**BMC CRIMINAL DIVISION**

EXHIBIT
**1**

| DEFENDANT NAME AND ADDRESS | DOCKET NUMBER | COURT ADDRESS |
|---|---|---|
| **TOMANGO BEY**<br>14 STANFORD ST<br>DORCHESTER, MA | 0001CR006326 | **BMC CRIMINAL DIVISION**<br>BMC |
| | DATE OF BIRTH<br>04/27/1965 | |
| | PCF NUMBER | |

| ALIAS | LEGAL COUNSEL FEE<br>$ | VICTIM WITNESS FEE<br>$ | HEAD INJURY FEE<br>$ |
|---|---|---|---|

## GUILTY COUNT(S) AND SENTENCE(S)

2          BURGLARIOUS INSTRUMENT, POSSESS c266 s49
RE Count 2: Committed to Suffolk County House of Correction (South Bay) for 23 month(s); concurrent with 00-3995, 99-3934, & 98-6239; Further Orders: Counts 2, 3, & 5 are to run concurrent with Count 1. Court recommends that defendant be allowed to serve this sentence at Barnstable House of Correction. All Fees Waived.

3          B&E NIGHTTIME FOR FELONY c266 s16
RE Count 3: Committed to Suffolk County House of Correction (South Bay) for 23 month(s); concurrent with 00-3995, 99-3934, & 98-6239; Further Orders: Counts 2, 3 & 5 are to run concurrent with Count 1. Court Recommends that defendant be allowed to serve this sentence at Barnstable House of Correction. All Fees Waived.

1          DESTRUCTION OF PROPERTY +$250, MALICIOUS c266 s12
RE Count 1: Committed to Suffolk County House of Correction (South Bay) for 23 month(s); concurrent with 00-3995, 99-3934, & 98-6239; Further Orders: Court recommends that defendant be allowed to serve this sentence at Barnstable House of Correction. All Fees Waived

5          RECEIVE STOLEN PROPERTY -$250 c266 s60
RE Count 5: Committed to Suffolk County House of Correction (South Bay) for 23 month(s); concurrent with 00-3995, 99-3934, & 98-6239; Further Orders: Counts 2, 3, & 5 are to run concurrent with Count 1. Court recommends that defendant be allowed to serve this sentence at Barnstable House of Correction. All Fees Waived.

It is therefore ordered that the defendant be confined for the period(s) indicated above. It is further ordered that the defendant receive credit for having been confined for the period indicated above.

## TO ANY OFFICER AUTHORIZED TO SERVE CRIMINAL PROCESS:

**WE COMMAND YOU THEREFORE** to convey the defendant to said place of confinement and to deliver the defendant to the keeper thereof. We command the keeper of the place of confinement to receive the defendant into custody and to keep the defendant safely until the defendant is brought before the court, serves the sentence imposed, posts bail as ordered, or is otherwise legally discharged.

| CHIEF JUSTICE<br>Witness: **Hon. William J. Tierney** | ISSUE DATE<br>12/29/2000 | CLERK-MAGISTRATE/ASST-CLERK<br>X |
|---|---|---|

### RETURN OF SERVICE – RECEIPT OF RECEIVING OFFICIAL
The person making service, named below, has conveyed the defendant to the above named institution and has left with the keeper thereof a copy of this order with the return thereon; and the receiving official, named below, has received said defendant.

| DATE OF SERVICE<br>12/29/00 | TIME OF SERVICE<br>1230 | SIGNATURE OF PERSON MAKING SERVICE<br>X | SIGNATURE OF RECEIVING OFFICIAL<br>X |
|---|---|---|---|

Date/Time Printed: 12/29/2000 12:30PM

| MITTIMUS FOR SENTENCE<br>ORDER OF COMMITMENT — Original | | Trial Court of Massachusetts<br>BMC CRIMINAL DIVISION |
|---|---|---|

| DEFENDANT NAME AND ADDRESS | DOCKET NUMBER | COURT ADDRESS |
|---|---|---|
| **TOMANGO BEY**<br>14 STANWOOD ST<br>DORCHESTER, MA | **0001CR003995**<br><br>DATE OF BIRTH<br>04/27/1965<br><br>PCF NUMBER | **BMC CRIMINAL DIVISION**<br>BMC |

| ALIAS | LEGAL COUNSEL FEE | VICTIM WITNESS FEE | HEAD INJURY FEE |
|---|---|---|---|
| MODIAH BEY | $ | $ | $ |

## GUILTY COUNT(S) AND SENTENCE(S)

1       RECEIVE STOLEN PROPERTY +$250 c266 s60

RE Count 1: Committed to Suffolk County House of Correction (South Bay) for 23 month(s); concurrent with 00-6326, 99-3934, & 98-6239; Further Orders: Court recommends that defendant be allowed to serve this sentence at Barnstable House of Correction.  A ll Fees Waived

It is therefore ordered that the defendant be confined for the period(s) indicated above.  It is further ordered that the defendant receive credit for having been confined for the period indicated above.

**TO ANY OFFICER AUTHORIZED TO SERVE CRIMINAL PROCESS:**

**WE COMMAND YOU THEREFORE** to convey the defendant to said place of confinement and to deliver the defendant to the keeper thereof.  We command the keeper of the place of confinement to receive the defendant into custody and to keep the defendant safely until the defendant is brought before the court, serves the sentence imposed, posts bail as ordered, or is otherwise legally discharged.

| CHIEF JUSTICE | ISSUE DATE | CLERK-MAGISTRATE/ASST-CLERK |
|---|---|---|
| Witness:  **Hon. William J. Tierney** | 12/29/2000 | X |

### RETURN OF SERVICE – RECEIPT OF RECEIVING OFFICIAL

The person making service, named below, has conveyed the defendant to the above named institution and has left with the keeper thereof a copy of this order with the return thereon; and the receiving official, named below, has received said defendant.

| DATE OF SERVICE | TIME OF SERVICE | SIGNATURE OF PERSON MAKING SERVICE | SIGNATURE OF RECEIVING OFFICIAL |
|---|---|---|---|
| 12/29/00 | 1230 | X | X |

Date/Time Printed: 12/29/2000 12:35PM

| MITTIMUS FOR PROBATION VIOLATION<br>ORDER OF COMMITMENT — Original | Trial Court of Massachusetts<br>BMC CRIMINAL DIVISION |
|---|---|

| DEFENDANT NAME AND ADDRESS | DOCKET NUMBER | COURT ADDRESS |
|---|---|---|
| **TOMONGO BEY**<br>17 Grand St #2<br>**BROCKTON, MA** | **9801CR006239** | BMC CRIMINAL DIVISION |
| | DATE OF BIRTH<br>04/27/1964 | |
| | PCF NUMBER<br>0 | |

| ALIAS | LEGAL COUNSEL FEE<br>$ | VICTIM WITNESS FEE<br>$0 | HEAD INJURY FEE<br>$ |
|---|---|---|---|

## GUILTY COUNT(S) AND SENTENCE(S)

1        RECEIVE STOLEN PROPERTY +$250 c266 s60
RE Count 1: Committed to Suffolk County House of Correction (South Bay) for 23 month(s); concurrent with Count B; Further Orders: Court recommends that defendant be allowed to serve his sentence at Barnstable House of Correction. All Fees Waived.

2        RESISTING ARREST c268 s32B
RE Count 2: Committed to Suffolk County House of Correction (South Bay) for 23 month(s); concurrent with Count A; Further Orders: Court recommends that defendant be allowed to serve his sentence at Barnstable House of Correction. All Fees Waived.

The court finds that the defendant has violated the terms and conditions of his/her probation and orders that the suspension of execution of sentence be revoked and the sentence imposed.

**TO ANY OFFICER AUTHORIZED TO SERVE CRIMINAL PROCESS:**

**WE COMMAND YOU THEREFORE** to convey the defendant to said place of confinement and to deliver the defendant to the keeper thereof. We command the keeper of the place of confinement to receive the defendant into custody and to keep the defendant safely until the defendant is brought before the court, serves the sentence imposed, posts bail as ordered, or is otherwise legally discharged.

| CHIEF JUSTICE<br>Witness: **Hon. William J. Tierney** | ISSUE DATE<br>12/29/2000 | CLERK-MAGISTRATE/ASST-CLERK<br>X |
|---|---|---|

**RETURN OF SERVICE – RECEIPT OF RECEIVING OFFICIAL**
The person making service, named below, has conveyed the defendant to the above named institution and has left with the keeper thereof a copy of this order with the return thereon; and the receiving official, named below, has received said defendant.

| DATE OF SERVICE<br>12/29/00 | TIME OF SERVICE<br>1230 | SIGNATURE OF PERSON MAKING SERVICE<br>X | SIGNATURE OF RECEIVING OFFICIAL<br>X |
|---|---|---|---|

Date/Time Printed: 12/29/2000 12:41PM

| MITTIMUS FOR PROBATION VIOLATION ORDER OF COMMITMENT — Original | Trial Court of Massachusetts BMC CRIMINAL DIVISION |
|---|---|

| DEFENDANT NAME AND ADDRESS | DOCKET NUMBER | COURT ADDRESS |
|---|---|---|
| **TOMONGO R. BEY** 115 Hancock Street SOMERVILLE, MA | 9901CR003934 | BMC CRIMINAL DIVISION |
| | DATE OF BIRTH 04/27/1964 | |
| | PCF NUMBER 0 | |

| ALIAS | LEGAL COUNSEL FEE $ | VICTIM WITNESS FEE $ | HEAD INJURY FEE $ |
|---|---|---|---|

## GUILTY COUNT(S) AND SENTENCE(S)

1        ATTEMPT TO COMMIT CRIME c274 s6

RE Count 1: Committed to Suffolk County House of Correction (South Bay) for 12 month(s); concurrent with 00-6326, 003995, & 98-6239; Further Orders: Court recommends that defendant be allowed to serve this sentence at the Barnstable House of Correction.   All Fees Waived

The court finds that the defendant has violated the terms and conditions of his/her probation and orders that the suspension of execution of sentence be revoked and the sentence imposed.

## TO ANY OFFICER AUTHORIZED TO SERVE CRIMINAL PROCESS:

**WE COMMAND YOU THEREFORE** to convey the defendant to said place of confinement and to deliver the defendant to the keeper thereof. We command the keeper of the place of confinement to receive the defendant into custody and to keep the defendant safely until the defendant is brought before the court, serves the sentence imposed, posts bail as ordered, or is otherwise legally discharged.

| CHIEF JUSTICE Witness: **Hon. William J. Tierney** | ISSUE DATE 12/29/2000 | CLERK-MAGISTRATE/ASST-CLERK X |
|---|---|---|

### RETURN OF SERVICE – RECEIPT OF RECEIVING OFFICIAL

The person making service, named below, has conveyed the defendant to the above named institution and has left with the keeper thereof a copy of this order with the return thereon; and the receiving official, named below, has received said defendant.

| DATE OF SERVICE 12·28·00 | TIME OF SERVICE 1:00 | SIGNATURE OF PERSON MAKING SERVICE X | SIGNATURE OF RECEIVING OFFICIAL X |
|---|---|---|---|

Date/Time Printed: 12/29/2000 12:52PM